IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Richard Grubb,     Case No. 3:14 CV 158
*Individually and on behalf of a Class,*

                       MEMORANDUM OPINION
             Plaintiff,     AND ORDER DENYING
                       CLASS CERTIFICATION

      -vs-
                       JUDGE JACK ZOUHARY

Nucor Steel Marion, Inc.,

             Defendant.

### INTRODUCTION

Plaintiffs Richard Grubb and Sheila Totaro live near Defendant Nucor Steel Marion, Inc.'s ("Nucor") Marion, Ohio steel mill. Plaintiffs allege the Mill's electric arc furnace and slag processing operation "shower" Plaintiffs' nearby properties with manganese (Doc. 8 at ¶¶ 4–6; *see also* Doc. 27 at 12). Because manganese is potentially harmful to human health (Doc. 8 at ¶ 2), Plaintiffs say the Mill's emissions support a range of tort claims. Plaintiffs move to certify a class of all persons who, as of April 2012, resided in an area surrounding the Mill "that is subject to an average annual ambient concentration of at least .07 micrograms (or larger) of manganese per cubic meter" (Doc. 28 at 2; *see also* Doc. 27). This Court denies the Motion for the reasons below.

### DISCUSSION

***Rule 23(b)(3) Certification***. A plaintiff must "affirmatively demonstrate" compliance with Rule 23. *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). This Court must "check[ that compliance] through rigorous analysis." *Gooch v. Life Investors Ins. Co. of Am.*, 672 F.3d 402, 417 (6th Cir. 2012) (internal quotation marks omitted); *see also id.* at 418 n.8 (declining to impose a preponderance-of-the-evidence standard). Plaintiffs must "satisfy through evidentiary proof [each

of the Rule 23(a) factors and] at least one of the provisions of Rule 23(b)." *Comcast Corp. v. Behrend*, 133 S. Ct. 1426, 1432 (2013). However, Rule 23 grants "no license to engage in free-ranging merits inquiries at the certification stage. Merits questions may be considered to the extent -- but only to the extent -- that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied." *Amgen Inc. v. Conn. Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194–95 (2013).

"To meet the predominance requirement[ of Rule 23(b)(3)], a plaintiff must establish that issues subject to generalized proof and applicable to the class as a whole predominate over those issues that are subject to only individualized proof." *Randleman v. Fid. Nat. Title Ins. Co.*, 646 F.3d 347, 352–53 (6th Cir. 2011). "[A] court is allowed to look beyond the pleadings on a class certification motion to determine what type of evidence will be presented by the parties." *Rodney v. Nw. Airlines, Inc.*, 146 F. App'x 783, 785 (6th Cir. 2005) (citing *General Telephone Co. v. Falcon*, 457 U.S. 147, 160 (1982)).

> Plaintiffs assert (Doc. 27 at 34):
>
> This scenario is acutely subject to generalized proof and is applicable to the class as a whole. Without question, deciding liability and general causation will consume the majority of the time, evidence and witness presentation, and expense involved in this case. Moreover, the air modeling and testing, soil testing, emission data, experts on emission, etc., witnesses and documents, will all be utilized for each resident in the putative class definition. The class area is relatively small and in very close proximity to [the Mill]. There is no individualized inquiry or proof necessary. To the extent that some person(s) in the class area have differing levels of manganese particulate emitted onto, into[,] and around their respective properties, all reported levels of manganese are harmful to humans, thus resulting in substantial property damage.

None of this supposedly common proof is in the record. It is not even clear if the proof yet exists, or will instead be developed at some future date (*see id.* at 36) (referring generally to "significant discovery efforts and the ongoing retention of expensive consulting experts, which [is] continuing").

If the evidence exists, this Court has no basis for concluding which portions of Plaintiffs' claims (if any) could be established using common proof. Does the emissions data concern only the Mill? The Mill sits in the middle of Marion, an industrial city. Do other sources of manganese exist nearby? What about other sources of pollutants that reduce the value of the Class properties? How can a jury distinguish the effects of the Mill's emissions from these other sources? What opinions do the "experts on emission" express, and do the opinions rest on a solid basis? The list of potential questions goes on.

This Court does not suggest that an answer to each of these questions is necessary for certification of a Rule 23(b)(3) class, much less that the questions must be answered in Plaintiffs' favor at this stage. *See In re Polyurethane Foam Antitrust Litig.*, 2014 WL 6461355, at *16 (N.D. Ohio 2014). This Court should consider at least some of these questions when conducting the "rigorous analysis" Rule 23 requires. But such analysis is not possible here, where the only materials submitted in support of the Motion are (1) district court slip opinions in other cases (Docs. 27-4, 27-5, 27-6), (2) a map of the proposed class area (Doc. 27-1), and (3) a PowerPoint slide deck and journal article, discussing health effects of manganese based on studies with no connection to the Mill (Docs. 27-2 & 27-3). To the extent Plaintiffs believe Rule 23 does not require some minimal form of evidentiary support, they are wrong. *Compare* Doc. 27 at 21 (asserting this Court must "accept[] as true the allegations in the complaint" (internal quotation marks omitted)), *with Gooch*, 672 F.3d at 417 ("A limited factual inquiry assuming plaintiff's allegations to be true does not constitute the required rigorous analysis we have repeatedly emphasized." (internal quotation marks omitted)). Because Plaintiffs have not carried their burden of showing actual compliance with Rule 23, this Court denies Rule 23(b)(3) certification without prejudice.

3

***Rule 23(b)(2) Certification***. Plaintiffs also move for certification under Rule 23(b)(2) which, assuming a plaintiff meets Rule 23(a), allows that "[a] class action may be maintained . . . if the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Plaintiffs say certification on this alternative basis is appropriate because "[i]njunctive relief is a significant goal of this case" and all putative class members have been subjected to the Mill's emissions (Doc. 27 at 38).

Rule 23(b)(2) certification is inappropriate where "monetary relief is not incidental to the injunctive or declaratory relief." *Dukes*, 131 S. Ct. at 2557.

> Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant. Similarly, it does not authorize class certification when each class member would be entitled to an individualized award of monetary damages

*Id.* "[D]amages in these cases should be 'concomitant with, not merely consequential to, class-wide injunctive or declaratory relief' and . . . the computation of such damages should not be 'dependent in any significant way on the intangible, subjective differences of each class member's circumstances.'" *Reeb v. Ohio Dep't of Rehab. & Correction*, 435 F.3d 639, 647–48 (6th Cir. 2006) (quoting *Allison v. Citgo Petroleum Corp.*, 151 F.3d 402, 415 (5th Cir. 1998) (quoted with approval in *Dukes*, 131 S. Ct. at 2560)).

Plaintiffs all but admit that money damages are not incidental to injunctive relief. As part of their Rule 23(b)(3) argument, Plaintiffs ask this Court to certify only liability questions, not damages. *See* Doc. 27 at 14; *see also* Federal Civil Rule 23(c)(4). Plaintiffs do not clearly say why, but one important reason is apparent: Lumping liability and damages questions together would cause

4

individual questions of fact and law to predominate over any common questions. Each class member's damages would require class member-specific damages evidence and "additional hearings to resolve the disparate merits of each individual's [damages] case." *Allison*, 151 F.3d at 415. As a whole, the damages request poses a collection of more than a thousand different questions. These "differences [in] each class member's circumstances" are therefore just as fatal to a combined liability-and-damages class (because of predominance issues) as they are to a Rule 23(b)(2) class (because such damages are not incidental to the Class injunctive relief request). *Id.* And there is more. A request to litigate portions of an absent class member's non-incidental claim for money damages in a mandatory Rule 23(b)(2) class poses important constitutional concerns. *See, e.g.*, *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811–12 (1985) (Due Process Clause); *In re Telectronics Pacing Sys., Inc.*, 221 F.3d 870, 881 (6th Cir. 2000) (Seventh Amendment). Plaintiffs do not mention these concerns, much less answer them.

"[I]ndividualized monetary claims belong in Rule 23(b)(3)." *Dukes*, 131 S. Ct. at 2558. This Court therefore denies Plaintiffs' Motion to Certify a Rule 23(b)(2) class.

## CONCLUSION

For these reasons, this Court denies Plaintiffs' Motion for Class Certification without prejudice as to Rule 23(b)(3) certification, and with prejudice as to Rule 23(b)(2) certification (Doc. 27). This Court denies as moot the Motion to Modify or Amend Class Definition (Doc. 28).

IT IS SO ORDERED.

                                                        s/ *Jack Zouhary*
                                                     JACK ZOUHARY
                                                     U. S. DISTRICT JUDGE

                                                     August 24, 2015